**FILED**
**August 13, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PATRICIA A. THOMPSON, WIDOW OF**
**CARL THOMPSON JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0503**  (BOR Appeal No. 2047793)
(Claim No. 880067121)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**G. A. BROWN & SON, INC. and**
**D. HARRIS MASONRY CONSTRUCTION, INC.,**
**Employers Below, Respondents**

## MEMORANDUM DECISION

Petitioner Patricia A. Thompson, by C. Paul Estep, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 22, 2013, in which the Board affirmed an October 15, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 1, 2011, decision denying Ms. Thompson's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Thompson filed a claim for dependent's benefits following the March 30, 2011, death of her husband, Carl. At the time of his death, the decedent's current diagnoses were listed as cardiopulmonary arrest, pneumonia, asbestosis, chronic obstructive pulmonary disease, history of congestive heart failure, coronary artery disease, chronic renal insufficiency, type II diabetes, and hypertension. A death summary completed by Lorn Wolfe, M.D., indicated that prior to his death the decedent was admitted to the hospital for a chronic obstructive pulmonary disease exacerbation.

On September 27, 2011, the Occupational Pneumoconiosis Board concluded that occupational pneumoconiosis did not materially contribute to the decedent's death and further concluded that there is insufficient x-ray evidence of pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis. The Occupational Pneumoconiosis Board noted that the decedent had received a 65% lifetime award for occupational pneumoconiosis on May 8, 1990. On December 1, 2011, the claims administrator denied Ms. Thompson's application for dependent's benefits.

At a hearing on September 5, 2012, the members of the Occupational Pneumoconiosis Board testified that there is insufficient evidence of pleural or parenchymal disease to indicate a diagnosis of occupational pneumoconiosis. Further, Jack Kinder, M.D., testified on behalf of the Occupational Pneumoconiosis Board that the decedent had a fifty pack-year history of cigarette smoking, which likely caused the decedent's chronic obstructive pulmonary disease, and stated that the clinical information of record also suggests a diagnosis of congestive heart failure. He opined that there is no evidence indicating that occupational lung disease materially contributed to or hastened the decedent's death.

In its Order affirming the December 1, 2011, claims administrator's decision, the Office of Judges held that occupational pneumoconiosis did not materially contribute to the decedent's death. Ms. Thompson disputes this finding and asserts that the evidence of record demonstrates that occupational pneumoconiosis materially contributed to her husband's death. Specifically, she argues that the Occupational Pneumoconiosis Board's decision granting the decedent a lifetime award for occupational pneumoconiosis is final and cannot be revisited under the doctrines of collateral estoppel and res judicata.

Ms. Thompson argues that the Occupational Pneumoconiosis Board is bound by its prior decision and cannot make a new finding regarding the presence or absence of occupational pneumoconiosis following the decedent's death. However, in *Parker v. WCC,* Syl. Pt., 174 W.Va. 181, 324 S.E.2d 142 (1984), this Court held that in a claim for dependent's benefits arising from an occupational pneumoconiosis claim, the Occupational Pneumoconiosis Board must determine whether occupational pneumoconiosis contributed to the decedent's death. In *Bradford v. Workers' Compensation Comm'r*, Syl. Pt. 3, 185 W.Va. 434, 408 S.E.2d 13 (1991), this Court held that in order to establish entitlement to dependent's benefits, a claimant must show that an occupational disease or injury "contributed in any material degree to the death."

2

The Office of Judges found that the decedent's death certificate was not contained in the evidentiary record, but noted that it apparently listed the cause of death as cardiopulmonary arrest due to consequences of pneumonia, asbestosis, and coronary artery disease. The Office of Judges relied primarily on Dr. Kinder's testimony on behalf of the Occupational Pneumoconiosis Board. The Office of Judges found that Dr. Kinder questioned Dr. Wolfe's diagnosis of asbestosis, and noted that Dr. Kinder opined that there is a lack of radiographic and pathological evidence in the record provided to the Occupational Pneumoconiosis Board to support a diagnosis of asbestosis. Further, the Office of Judges found that Dr. Kinder opined that the decedent's likely cause of death was congestive heart failure and chronic obstructive pulmonary disease unrelated to occupational dust exposure. Finally, the Office of Judges noted that after reviewing the decedent's medical record and considering the decedent's prior award for occupational pneumoconiosis, the Occupational Pneumoconiosis Board did not make a diagnosis of occupational pneumoconiosis when reviewing the instant claim. The Board of Review reached the same reasoned conclusions in its decision of April 22, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3